[S. F. No. 16072.   In Bank.—October 13, 1938.]

In the Matter of the Estate of ESSIE ALFREY, Deceased. FANNIE P. ZERGA, Appellant, v. CASPAR A. ORN-BAUN, Administrator, etc., Respondent.

Alfred J. Hennessy for Appellant.

Everett H. Roan for Respondent.

WASTE, C. J.—On October 17, 1936, Mrs. Essie Alfrey died testate, leaving her property valued at $3,250 to her

surviving daughters. The will named one of the daughters, appellant herein, as executrix. Although appellant had immediate knowledge of her mother's death, she failed to petition for letters testamentary until more than four months had elapsed. Meanwhile respondent herein, the nominee of another daughter, had applied for and been granted special letters of administration, and had filed a petition for letters of administration with the will annexed. Appellant's petition for letters, and that of respondent, were both heard on March 11, 1937, with the result that the court denied letters to appellant and granted them to respondent. Appellant did not appeal from this ruling, although she might have done so (sec. 1240, Probate Code).

Respondent proceeded with probate of the estate and took steps to dispose of the real property therein. On July 22d he filed a return and account of sale of such property for the sum of $1750, and petitioned for an order confirming the sale. A few days later appellant filed a notice of motion to vacate the order of March 11th on the ground that the court was without jurisdiction to make it, and that it was taken against her by reason of surprise, inadvertence, mistake, and excusable neglect on her part and that of her then attorney. The motion was heard on July 29th and an order denying it was entered on October 14th. On October 29th appellant filed objections and exceptions to sale and confirmation of sale of the real estate. She based this protest upon the same grounds which she had urged in support of her motion to vacate the order of March 11th. The matter was heard on November 9th, and an order was entered confirming the sale. From this order appellant has prosecuted the present appeal. The cause is now before this court on motion of respondent to dismiss the appeal or affirm the order.

The order must be affirmed. On March 11th when appellant's petition for letters testamentary was denied, she failed to appeal from the order of denial. Later, however, the matter was reopened by her motion to vacate that order, and on July 29th and October 14th there was a complete rehearing of the issue. The present bill of exceptions contains a record of the proceedings had at that time as well as a transcript of some of the evidence received on March 11th, and of testimony taken on October 14th when the motion to

vacate was finally denied. This record contains nothing to indicate that appellant was entitled to relief under section 473 of the Code of Civil Procedure from the order of March 11th. On the contrary, the showing affords ample support for the conclusion that appellant's delay in instituting probate proceedings was wilful, with intent to injure the interests of the other heirs, and that appellant incurred bills out of all proportion to the value of the estate. There was, therefore, no error in the court's holding that appellant had renounced her right to letters (sec. 324, Probate Code), and in its appointment of respondent.

Appellant's objections and exceptions to confirmation of sale of the real estate, based solely upon the grounds theretofore urged in support of her petition for letters and motion to vacate the order of March 11th, were properly rejected by the court. The order of March 11th from which no appeal was taken, and the proper denial of the motion to vacate that order, constituted a final adjudication of the issue. Appellant was not entitled to raise it again by way of collateral attack in the proceeding for confirmation of sale of the real estate.

The order appealed from is affirmed.

Curtis, J., Shenk, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.

Rehearing denied.